68 F.3d 461
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Walter E. SMITH, Petitioner,
v.
ROBINSON-PHILLIPS COAL COMPANY; West Virginia Coal Workers'
Pneumoconiosis Fund, Incorporated; Director,
Office of Workers' Compensation
Programs, United States
Department of Labor,
Respondents.
 No. 94-2197.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 12, 1995.
Decided Oct. 11, 1995.
 
 S.F. Raymond Smith, RUNDLE & RUNDLE, L.C., Pineville, West Virginia, for Petitioner. John P. Scherer, FILE, PAYNE, SCHERER & FILE, Beckley, West Virginia; Keian Weld, WEST VIRGINIA CWP FUND, Charleston, West Virginia, for Respondents Robinson-Phillips and Pneumoconiosis Fund. Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, Eileen M. McCarthy, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent Director.
 Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Walter Smith seeks review of a decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits pursuant to 30 U.S.C.A. Secs. 901-45 (West 1986 & Supp.1995). Smith contends that the ALJ erred by finding no pneumoconiosis under 20 C.F.R. Sec. 718.202(a) (1995) solely on the basis of negative X-rays, and both Smith and the Director, Office of Workers' Compensation Programs (Director), argue that the ALJ erred by finding Dr. Rasmussen's medical report insufficient to establish pneumoconiosis under Sec. 718.202(a)(4).
 
 
 2
 Our review of the ALJ's thorough opinion discloses that he properly considered all four methods available for establishing pneumoconiosis under Sec. 718.202(a), and did not find the absence of pneumoconiosis solely on the basis of negative X-ray evidence. We note that neither Smith nor the Director challenge the ALJ's finding of no pneumoconiosis under subsections (a)(1)-(3), and did not challenge those findings before the Board. Rather, their arguments center on the ALJ's decision not to credit Dr. Rasmussen's finding of legal pneumoconiosis. Smith contends that the ALJ rejected Dr. Rasmussen's findings because the X-ray evidence of record was negative, while the Director contends that the ALJ improperly substituted his own medical judgment for that of a physician. We cannot agree with either of these assertions.
 
 
 3
 In finding Dr. Rasmussen's findings insufficient to carry Smith's burden to affirmatively establish either clinical or legal pneumoconiosis, the ALJ noted that Dr. Rasmussen found the X-ray evidence "not entirely diagnostic of pneumoconiosis." Dr. Rasmussen further found respiratory disease and respiratory impairment which he attributed in part to coal dust exposure, thus rendering a finding of "legal" pneumoconiosis under 20 C.F.R. Sec. 718.201 (1994). The ALJ discussed these findings, but concluded that none of Dr. Rasmussen's remaining diagnostic studies supported these findings. In other words, the ALJ found that Dr. Rasmussen's report provided no diagnostic basis for a finding of either clinical or legal pneumoconiosis. Hence, the Board found that the ALJ properly rejected Dr. Rasmussen's conclusion regarding the existence of legal pneumoconiosis on the ground that it was undocumented.
 
 
 4
 We find that the ALJ rationally determined that Dr. Rasmussen failed to identify a sufficient basis for his conclusion that the miner's respiratory problems were at least partially attributable to coal dust exposure. Dr. Rasmussen cites only the miner's coal mine employment as grounds for this conclusion, and it is apparent that the regulations require more than mere presence in the coal mines in order to prove etiology. See Sec. 718.201. Dr. Rasmussen's report is not undocumented, inasmuch as it discusses relevant objective tests performed on the miner. The same cannot be said, however, for his specific finding of pneumoconiosis. The report provides no discussion of how any of the objective tests, or other evidence, support a conclusion that the miner's respiratory problems are attributable to coal dust exposure. In the absence of any explanation as to how the evidence tends to support a finding of legal pneumoconiosis, the ALJ could properly reject Dr. Rasmussen's opinion on this issue. See Brazalle v. Director, Office of Workers' Compensation Programs, 803 F.2d 934, 936 (8th Cir.1986).
 
 
 5
 After noting the deficiencies in Dr. Rasmussen's report, the ALJ also commented in his opinion that the miner in this case has a lengthy smoking history and a history of heart problems. He also noted that the miner does not take any medication for pneumoconiosis. While the Director argues on appeal that these comments evince that the ALJ substituted his own medical judgment for that of Dr. Rasmussen in this case by concluding that the miner's respiratory problems were due to the mentioned factors rather than pneumoconiosis, we think that the Director misinterprets the ALJ's comments. The ALJ made no factual finding as to the actual cause of the miner's respiratory ailments. He merely determined that Dr. Rasmussen's report did not prove that coal dust exposure was a cause of the miner's respiratory problems. Apparently to bolster this determination, he noted that there was evidence in the record suggesting that factors other than pneumoconiosis might have caused the miner's respiratory problems, thereby underscoring the need for specific proof that coal dust exposure contributed to those problems. His opinion therefore makes no medical judgment, but rather properly restricts itself to the legal question of whether the miner established the presence of pneumoconiosis.
 
 
 6
 We therefore conclude that substantial evidence supports the ALJ's finding of no pneumoconiosis. Accordingly, we affirm the decision of the Board. We dispense with oral argument in view of our previous order granting the Appellee's unopposed motion to submit this case on the briefs, and because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED